IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 4:15-cr-867-BHH |
| | ) | |
| Cedric Shanard Bruce, | ) | **ORDER** |
| | ) | |
| Defendant/Movant. | ) | |

This matter is before the Court upon Cedric Shanard Bruce's ("Bruce") pro se motion requesting copies of his guilty plea and sentencing transcripts and requesting a 60-day extension of time to file a motion pursuant to 28 U.S.C. § 2255. Importantly, nowhere in his motion does Bruce explain why he needs copies of his transcripts to prepare his § 2255 motion or why he will be unable to file a timely § 2255 motion.[1]

Congress expressly addressed the issue of providing transcripts at the public's expense in 28 U.S.C. § 753(f), which provides in pertinent part:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those

---

[1] Bruce was sentenced on March 8, 2017, and judgment was entered on March 13, 2017. Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), motions filed pursuant to § 2255 are subject to a one-year statute of limitations, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4).

> purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose *if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.*

28 U.S.C. § 753(f) (emphasis added). Thus, the statute provides for free transcripts for indigent prisoners asserting a claim under § 2255 if a judge certifies that the asserted claim is "not frivolous" and that the transcript is "needed to decide the issue." *Id.*; *see also United States v. MacCollum*, 426 U.S. 317 (1976) ("We think it enough at the collateral-relief stage that Congress has provided that the transcript be paid for by public funds if one demonstrates to a district judge that his § 2255 claim is not frivolous, and that the transcript is needed to decide the issue presented.").

Here, there is no § 2255 motion pending at this time; thus, § 753(f) does not entitle Bruce to a free transcript at the public's expense. *See In re O'Kane*, 91 F.3d 132 (4th Cir. 1996) (table) (unpublished) ("As there is no 28 U.S.C. § 2255 motion pending, 28 U.S.C. § 753(f) (1988) does not entitle him to a free transcript at government expense.") (citing *MacCollom*, 426 U.S. at 321-22 (1976)); *United States v. Brandt*, 77 F.3d 471 (4th Cir. 1996) (unpublished) (affirming the district court's denial of a motion for a sentencing transcript at the government's expense when no § 2255 motion was pending); *United States v. Torres*, 50 F.3d 9 (4th Cir. 1995) (unpublished) ("Defendants are not entitled to preparation of a transcript at government expense prior to actually filing a § 2255 motion.") (citing *MacCollum*, 426 U.S. 317). Moreover, although Bruce claims that he needs his transcript to prepare his § 2255 motion, he does not allege the existence of any claims that he cannot present without access to his transcripts. As the Supreme Court has noted:

2

> The usual grounds for successful collateral attacks upon convictions arise out of occurrences outside the courtroom or of events in the courtroom of which the defendant was aware and can recall without the need of having his memory refreshed by reading a transcript. He may well have a need of a transcript (to support his claim) but rarely, if ever, . . . to become aware of the events or occurrences which constitute a ground for collateral attack.

*MacCollum*, 426 U.S. at 327 (quoting Judge Haynsworth in *United States v. Shoaf*, 341 F.2d 832 (4th Cir. 1964)).

Here, not only is no § 2255 motion pending, but also, Bruce has failed to set forth any grounds sufficient to support the certification requirements of § 753(f). Accordingly, the Court denies Bruce's motion for transcripts. In addition, the Court also denies Bruce's request for an extension of time to file a § 2255 motion, as he has made no showing sufficient to support such an extension at this time. At bottom, Bruce's best course of action is to file a timely § 2255 motion and then apply for copies of his transcripts pursuant to § 753(f).

Based on the foregoing, Bruce's motion for copies and an extension of time (ECF No. 559) is denied.

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

January 17, 2018
Charleston, South Carolina